## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF KANSAS

|  |  |  |
|---|---|---|
| KANSAS DISABILITY COALITION, INC., and TIFFANY NICKEL, | ) ) ) |  |
|  | ) |  |
| Plaintiffs, | ) |  |
|  | ) |  |
| vs. | ) | Case No.  12-CV-1147-KHV-DJW |
|  | ) |  |
| LAXMINARAYAN HOSPITALITY, LLC d/b/a SUPER 8 ATCHISON, KANSAS, | ) ) |  |
|  | ) |  |
| Defendant. | ) |  |
| _____ | ) |  |

## COMPLAINT

Comes now the plaintiff and for its cause of action against the defendant alleges and states as follows:

1.     Plaintiff Kansas Disability Coalition, Inc.,  (hereinafter "KDC") is a not-for-profit Kansas corporation with members residing in Kansas.

2.     The interests KDC seeks to protect are germane to the KDC's purpose.  One purpose of the plaintiff is to advocate compliance with the Americans with Disabilities Act.

3.     Neither the claims asserted, nor the relief requested, require participation of individual members.

4.     Plaintiff KDC is an organizational representative of persons with physical disabilities, who are qualified individuals with a disability, as defined by the Americans with Disabilities Act (ADA), as amended, and it's implementing regulations.  42 U.S.C. § 12101 *et seq.*, 28 C. F. R. Part 36.

5.     The Plaintiff Tiffany Nickel is a qualified person with a disability, to-wit:  she is a

1

quadriplegic who uses a wheelchair for mobility.

6.     The defendant Laxminarayan Hospitality, LLC, owns and operates a hotel known as Super 8 located at 509 South 9th, Atchison, Kansas.  It can be served with process by serving its resident agent FNU Chandrakant, 2917 W. Main, Independence, Kansas 67301.

7.     The Super 8 is a public accommodation engaged in commerce as defined by the Americans with Disabilities Act (42 U.S.C. § 12181(7)(A).

## Jurisdiction

8.     This court has jurisdiction over this matter by virtue of 28 U.S.C. §§ 1331 and 1343 and 42 U.S.C. §12101 *et seq.*

## Facts

9.     The Americans with Disabilities Act and its associated regulations prohibit discrimination against qualified individuals with disabilities.  42 U.S.C. § 12182.

10.     Public accommodations are required to comply with the Americans with Disabilities Act Accessibility Guidelines (ADAAG) and in new construction.  42 U.S.C. §§ 12182 and 12183.

11.     The defendant constructed the hotel known as Super 8, Atchison, Kansas, in 1987.  The Super 8 contains architectural barriers which have not been removed as required by 42 U.S.C. §§ 12182 and 12183.

12.     Discrimination includes a failure to remove architectural barriers that are structural in nature, in existing facilities,  where such removal is readily achievable.  42 U.S.C. §§ 12182

13.     Effective March 15, 2012, the defendant is required to comply with the ADA regulations known as the 2010 ADA Standards; there is no exception for the defendant

2

provided by the "safe harbor" provision of the regulations because the defendant did not comply with 42 U.S.C. § 12101 *et seq.* and 28 CFR Part 36, including Appendix A (Americans with Disabilities Act Accessibility Guidelines (ADAAG)).

14.     The defendant is in violation of the ADA and the 2010 ADA Standards as follows:

a.     Parking:

i.     Existing accessible parking spaces lack vertical signage that is at least 60" minimum to bottom of signs (502.6).

ii.     No existing spaces are designated "van accessible" (208.2.4 & 502.6).

iii.     Access aisles are either non-existent or are too narrow (502.3).

iv.     Accessible parking spaces are not located closest to the accessible entrance.

b.     The registration counter in the lobby is higher than 34". (904.3.3 & 902.3).

c.     Guest room:

i.     The sink is enclosed and lacks adequate knee clearance. (606.2 & 306.3).

ii.     Clothes hangers are higher than 48". (308)

iii.     Lavatory lacks adequate knee clearance (606.2 & 306.3).

iv.     The drain pipe is exposed (606.5).

v.     The faucet is a round knob (606.4 & 309.4).

vi.     The door handle to the bathroom is round (404.2.7 & 309.4).

vii.     A clearance of 30" by 60" is not provided adjacent to the opening of the shower (508.2.2.1).

3

viii.    The door has inadequate maneuvering clearance on the pull side (404.2.4.1).

ix.    The threshold at the shower entrance is greater than 1/2" (608.7)

x.    The door to the bathroom swings into the clear floor space of the sink and toilet (305).

xi.    The ramp used to alleviate the excessive threshold at the roll-in shower has created a clear floor space slope greater than 1:48 (305.2).

xii.    No rear grab bar exists at toilet and side bar is inadequate (604.5)

xiii.    The toilet appears to be further than 18" from the side wall (604.2).

xiv.    The toilet seat appears to be less than 17" high (604.4).

xv.    The water control and spray unit in the shower are located further than 27" from the back wall adjacent to the seat (608.5.2).

xvi.    The hand-held shower spray unit is located more than 48" high (308).

15.    Members of the plaintiff have a realistic, credible, existing and continuing threat of discrimination from the Defendant's non-compliance with the ADA with respect to this property as described but not necessarily limited to the allegations in paragraph 14 of this complaint. Plaintiff's members have reasonable grounds to believe that they will continue to be subjected to discrimination in violation of the ADA by the Defendant.

16.    The defendant has failed to comply with certain provisions of the Americans with Disabilities Act and its associated regulations, 28 CFR Part 36.

17.    The Defendant has discriminated, and is continuing to discriminate, against the Plaintiff in violation of the ADA by failing to remove barriers.

18.     The discriminatory violations described in paragraph 14 are not an exclusive list of the Defendant's ADA violations. Plaintiff requires the inspection of the Defendant's place of public accommodation in order to photograph and measure all of the discriminatory acts violating the ADA and all of the barriers to access. The Plaintiff and all other individuals similarly situated, have been denied access to, and have been denied the benefits of services, programs and activities of the Defendant's building and its facilities, and have otherwise been discriminated against and damaged by the Defendant because of the Defendant's ADA violations, as set forth above. The Plaintiff and all others similarly situated will continue to suffer such discrimination, injury and damage without the immediate relief provided by the ADA as requested herein. In order to remedy this discriminatory situation, the Plaintiff requires an inspection of the Defendant's place of public accommodation in order to determine all of the areas of non-compliance with the Americans with Disabilities Act.

19.     Plaintiff is without adequate remedy at law and is suffering irreparable harm. Plaintiff has retained the undersigned counsel and is entitled to recover attorney's fees, costs and litigation expenses from the Defendant pursuant to 42 U.S.C. § 12205.

20.     Pursuant to 42 U.S.C. § 12188, this Court is provided with authority to grant Plaintiff Injunctive Relief, including an order to require the Defendant to alter Super 8, Atchison, Kansas, to make its facilities readily accessible and useable to the Plaintiff and all other persons with disabilities as defined by the ADA.

        **WHEREFORE**, Plaintiff prays for:

1.     Injunctive relief against the Defendant including an order to remove all barriers in the facility as required by the ADA; to make such facility readily accessible to and

usable by individuals with disabilities to the extent required by the 2010 ADA Standards
for Accessible Design as required by the Americans with Disabilities Act.

2.      An award of attorney's fees, costs and litigation expenses pursuant to 42 U.S.C. §
12205.

3.      Such other relief as the Court deems just and proper, and/or is allowable under
Title III of the Americans with Disabilities Act.

DAVID P. CALVERT, P.A.


By:   /s/ David P. Calvert
David P. Calvert, #06628
David P. Calvert, P.A.
532 N. Market
Wichita, Kansas  67214
(316) 269-9055
Fax:  (316) 269-0440
Email: lawdpc@swbell.net




**DESIGNATION OF PLACE OF TRIAL**


Plaintiff designates Wichita, Kansas as the location for the trial.


 /s/ David P. Calvert
David P. Calvert (#06628)